RECEIPT # 52138
AMOUNT $ 150
SUMMONS ISSUED Y-2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-03-03

FILED
IN CLERK'S OFFICE
2003 DEC -3 A 11: 49
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. _____

GHATTAS AND JOSEPH, INC., )
    - Plaintiff, )
    )
v. )
    )
CUMBERLAND FARMS, INC., )
By and through Its )
GULF DIVISION, )
    - Defendant, )

MAGISTRATE JUDGE Cohen

## COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff, Ghattas and Joseph, Inc., brings action against Defendant, Cumberland Farms, Inc., by and through its Gulf Division (hereinafter "Gulf") for declaratory judgment, damages, and injunctive relief and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action against Gulf alleging, *inter alia*, failure to comply with the Petroleum Marketing Practices Act, Title 15 U.S.C. §§2801, et. seq. (the "PMPA") and breach of contract.

2. Jurisdiction is proper pursuant to 15 U.S.C. §2805.

1

3. Pursuant to 15 U.S.C. §2805(a), this action was commenced within the applicable Statute of Limitation period.

4. Venue is proper as Plaintiff is doing business in Massachusetts and the violations alleged by Plaintiff have occurred in Massachusetts.

5. The Defendant is subject to the terms and conditions of the PMPA.

6. By this action, Plaintiff seeks a determination and declaration of the respective rights, status and legal relations of the parties under a franchise relationship as defined by the PMPA.

**PARTIES**

7. Plaintiff is a gasoline franchisee dealer of the Gulf Division of Cumberland Farms, Inc.

8. Defendant, Cumberland Farms, Inc., by and through its Gulf Division (hereinafter "Gulf") is a corporation with a place of business at 777 Dedham Street, Canton, Norfolk County, Massachusetts 02021 and is engaged in the wholesale and retail distribution of motor fuel and other petroleum products within this state under the Gulf trademarks under license to franchisees and directly to the public.

9. Plaintiff operates has been in a franchise relationship with Gulf for approximately ten (10) years.

10. On or about June 30, 2001, Cumberland Farms Inc., acting through its Gulf Division entered into a certain Retail Motor Fuel Outlet Lease with Ghattas and Joseph, Inc. (hereinafter referred to as "Lease", a true and accurate copy of which is attached hereto as **Exhibit 1**) covering the business and premises located at 707 Neponset Street, Norwood, MA (hereinafter the "Premises").

11. The Plaintiff also entered into other agreements with Gulf including, without limitation, a certain Dealer Contract of Sale, a Key Person Agreement, an Electronic Point of Sale Terminal Rental Agreement. In addition, Ghattas Ajjouri and Ibrahim Ajjouri were also required to sign personal guaranties (hereinafter collectively referred to as "Additional Franchise Agreements".

12. The Plaintiff, pursuant to the PMPA, is a "franchisee" pursuant to the Lease and Additional Franchise Agreements executed with Gulf.

13. The current term of Gulf's lease with the Plaintiff will end on June 29, 2004.

14. On or about July 2, 2003, Gulf sent correspondence to Plaintiff stating that Gulf's marketing representative, Jason Florio ("Florio"), had visited the Premises and discovered defects in Stage II Vapor Recovery Equipment. Specifically, Florio alleged that (1) "Stage II Vapor recovery checklist not filled out correctly everyday is marked okay" and (2) "Nozzles on pumps need to be replaced. Tankology findings on 6/24/03". (A true and accurate copy of said correspondence is attached hereto as **Exhibit 2**)

15. On or about July 7, 2003, Gulf, through Tanknology, its agent, contractor or representative, performed Stage II vapor testing. (See Correspondence from Tanknology to Plaintiff dated July 10, 2003, A true and accurate copy of which is attached hereto as **Exhibit 3**).

16. On or about July, 2003, the Plaintiff's was informed that it's equipment passed said testing and that it's equipment was in compliance.

17. On or about August 22, 2003, _nearly two months later_, Florio again entered the Premises for a purported inspection.

18. By letter dated August 26, 2003, Gulf alleged that Florio discovered defects with Stage II equipment. Specifically, "Hoses were taped with electrical tape to cover severe rips." (A true and accurate copy of said correspondence is attached hereto as **Exhibit 4**).

19. The letter dated August 26, 2003 did not mention, refer or specify any failure to produce daily statistical inventory.

20. The letter dated August 26, 2003 did not contain or allege, with any particularity or specificity, whether the purported noncompliance existed with the same hoses, the prior equipment or subsequently installed equipment.

21. On or about September 5, 2003, Gulf purportedly sent notice of Franchise Termination to the Plaintiff. Said Notice of Termination (a true and accurate copy of which is attached as **Exhibit 5**) provided, in pertinent part,

    (a) that Gulf had previously notified Plaintiff by letters dated July 2, 2003 and August 26, 2003 of failure to comply with certain Retail Motor Fuel Outlet Lease dated June 30, 2001;
    (b) that the franchise was being terminated pursuant to §2802(b)(2)(A) and §2802(b)(2)(B) of the PMPA;
    (c) that the franchise would be terminated on December 14, 2003; and

5

(d) that,

> "[s]pecifically, there has been:
> (1) A failure to comply with a reasonable franchise provision which is of material significance to the franchise relationship- the portion of the Retail Motor Fuel Outlet Lease wherein you agreed to:
> (a)"…. Lessee in addition to the covenants and agreements to control the underground motor fuel inventory under section 4(e) of this lease, covenants and agrees to comely with any and all applicable Federal, State and local laws, regulations, rules, ordinances, orders and permits governing the preventions, detection, and notification of leaks and releases from storage tanks and dispensing systems…
> (2) A failure to exert good faith efforts to carry out the provisions of the franchise.

22. In said September 5, 2003 letter, Gulf also suspended credit terms for Plaintiff requiring Plaintiff to prepay for gasoline. This action affected Plaintiff's business reputation and cash flow.

23. By letter September 23, 2003, Plaintiff notified Gulf that Plaintiff had taken necessary and proper steps to remedy the alleged breach, including, the purchase and installation of new hoses. (A true and accurate copy of said letter is attached hereto as **Exhibit 6**).

24. By letter dated November 5, 2003, Plaintiff further notified Gulf that Plaintiff (1) was not in

violation of any franchise agreements; (2) was in compliance with applicable federal and state environmental laws; (3) believed Gulf's action actions were improper and motivated by pecuniary interests and (4) believed that the numerous and excessive inspections were intended to be intimidating and harassing. (A true and accurate copy of said letter is attached hereto as **Exhibit 7**).

25. Specifically, Plaintiff is of the opinion that Gulf is taking actions, in violation of PMPA, to reacquire franchises and sell same to reduce corporate debt (See copy of September 12-18 Boston Business Journal Article attached hereto as **Exhibit 8**).

26. By letter dated November 13, 2003, Gulf reiterated its position that (1) its numerous and repeated inspections were aimed at protecting the environment and (2) that Plaintiff vacate the Premises on December 14, 2003.

27. Despite repeated request by Plaintiff, Gulf has refused to withdraw or revoke its notice of Franchise termination.

28. Further, the Plaintiff's officers, directors and shareholders may be liable for potential damages as they were required to execute individual guaranties.

## COUNT I
### (Violations of the PMPA and Request for Injunctive Relief)

29. The allegations contained in paragraph 1 through 28 are realleged as if fully stated in their entirety herein.

30. The Defendant is subject to the terms, conditions and provisions of the PMPA.

31. Gulf, through its actions and inactions, has violated the terms and provisions of the PMPA.

32. Plaintiff and Defendant were in a franchise relationship in accordance with the PMPA.

33. The Defendant, through letter dated September 5, 2003, terminated the franchise relationship.

34. Defendant failed to properly terminate the Franchise Agreement.

35. Defendant has failed to give proper notice and otherwise comply with the provisions of the PMPA.

36. Defendant did not provide Plaintiff a reasonable time and opportunity to cure any alleged default or

breach of the Lease or Additional Franchise Agreements.

37. Plaintiff had cured any alleged breach of the Franchise Agreements.

38. Defendant has failed to adhere to its contractual responsibilities under the Franchise Defendant and has otherwise violated the terms, conditions and provisions of the PMPA.

39. Defendant, through its actions and conduct, has exhibited bad faith in their dealings with the Plaintiff.

40. The actions of Gulf are in willful disregard of the requirements of the PMPA and of the rights of Plaintiff thereunder.

41. An actual and bona fide controversy exists between the parties as to the rights and obligations of the parties under the franchise relationship, the Lease, the Additional Franchise Agreements and the PMPA. Plaintiff seeks a determination and declaration of the respective rights, status and legal relations of the parties under the franchise, the franchise relationship, the Lease, the Additional Franchise Agreements and the PMPA

9

42. An injunction is necessary to prevent Gulf from improperly terminating the franchise, the franchise relationship, the Lease and the Additional Franchise Agreements.

WHEREFORE, Plaintiff prays that this Honorable Court enter the following:

A. A temporary restraining order compelling Gulf from terminating the franchise relationship on December 14, 2003 until a hearing can be held on the Plaintiff's motion for preliminary injunction;

B. A temporary restraining order compelling Gulf from terminating the franchise relationship until an adjudication by this Court of the underlying claims hereunder;

C. A preliminary injunction (i) allowing Plaintiff to remain in business and conduct business at the location; (ii) ordering Defendant to reinstate Plaintiff's credit, and (iii) prohibiting Gulf from interfering with the Plaintiff's business operation at the Franchise location.

D. A declaratory judgment that Gulf has violated the provisions of the PMPA;

E. A judgment for compensatory damages and exemplary damages in favor of Plaintiff;

F. A judgment awarding reasonable attorney's fees, and the costs of this litigation in accordance with the PMPA; and

G. An order awarding such other and further relief as this Court may deem meet, proper, just or appropriate.

## COUNT II
### (Breach of Contract)

43. The allegations contained in paragraph 1 through 42 are realleged as if fully stated in their entirety herein.

44. Gulf owed contractual duties and obligations to Plaintiff in accordance with the Lease and Additional Franchise Agreements.

45. Gulf, through its actions and inactions, has violated and breached the terms and provisions of the Lease and Additional Franchise Agreements, including, without limitation, improperly attempting to terminate the contractual relationship, varying the credit terms, failing to allow Plaintiff a reasonable time to cure any alleged default, breach of covenant of good faith and fair dealing, breach of covenant of quiet enjoyment (whether express or

implied) and failure to acknowledge the curing of any default by Plaintiff.

46. The actions of Gulf were willful, intentional and knowing.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in the amount of its damages; together with interest and costs and order such other relief as this Court may deem meet, proper, just or appropriate.

## COUNT III
### (Violations of M.G.L. Chapter 93A et. seq.)

47. The allegations contained in paragraph 1 through 46 are realleged as if fully stated in their entirety herein.

48. Gulf is subject to the provisions of Chapter 93A et. seq. of the General Laws of the Commonwealth of Massachusetts.

49. Defendant, through its actions and conduct, has exhibited bad faith and unfair and deceptive business practices in its dealings with the Plaintiff, including, without limitation, violations of the PMPA, improper termination of Plaintiff's franchise and Gulf's breach of the Lease and Additional Franchise Agreements, improperly claiming

violations of the Lease, harassing and intimidating conduct by Defendant and its agent Jason Florio.

50. The actions of Gulf were willful, intentional and knowing.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(a) grant judgment in the amount of its damages;

(b) that, pursuant to the provisions of M.G.L. Chapter 93A, said damages be doubled or trebled;

(c) award Plaintiff's reasonable attorney's fees, costs and expenses; and

(d) grant such other relief as this Court may deem meet, proper, just or appropriate.

### COUNT IV
### (Equitable Estoppel)

51. The allegations contained in paragraph 1 through 50 are realleged as if fully stated in their entirety herein.

52. Gulf has taken various actions in its attempt to improperly terminate the Lease and Franchise relationship, including, without limitation, failure to give proper notice, failure to specify the alleged breach with specificity and particularity,

intentionally misleading Plaintiff to believe that it was in compliance through failure to timely re-inspect or otherwise inform Plaintiff.

53. Plaintiff cured and resolved any alleged breach of the Lease.

54. Defendant failed, refused and neglected to accept Plaintiff's cure of the alleged violations.

55. Defendant, due to its actions, is estopped from attempting to terminate the Lease and Franchise agreement.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment to Plaintiff (i) equitably estopping Defendant from terminating the Lease and Franchise relationship; (ii) award Plaintiff an amount equal to its damages, together with interest and costs; and (iii) order such other relief as this Court may deem meet, proper, just or appropriate.

## COUNT IV
### (Forfeiture of Lease)

56. The allegations contained in paragraph 1 through 55 are realleged as if fully stated in their entirety herein.

57. Plaintiff has a property interest, whether real, mixed or personal, in the Lease, the Premises and the business conducted thereon.

58. Gulf, due to improper and pecuniary interests, has attempted to terminate Plaintiff's Lease and Franchise relationship and deprive Plaintiff of its property interests.

59. Gulf's actions, if allowed, would amount to an improper forfeiture of the Lease and deprive Plaintiff of valuable property.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment (i) declaring that Defendant is prohibited from terminating the Lease and Franchise relationship; (ii) awarding Plaintiff an amount equal to its damages, together with interest and costs; and (iii) order such other relief as this Court may deem meet, proper, just or appropriate.

## DEMAND FOR TRIAL BY JURY

PLAINTIFF DEMANDS AND REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

Dated: December 2nd, 2003

                    GHATTAS AND JOSEPH, INC.,
                    By Its Attorney

                    _____
                    Stephen M. Roberts, Esq.
                    BBO#422540
                    Stephen M. Roberts, LLC
                    177 Worcester Street
                    Wellesley, MA 02481
                    (781) 235-9700