# Summary of Site Data

Critical Data Survey done by: __JESS FUTTERLEIB__

Site Name & ID # __GULF #118667__

Address: __707 NEPONSET STREET__

City, State, Zip: __NORWOOD, MA  02062__

Phone # __(617) 255-7368__

I verify that the information and diagram are correct.

[X] Yes   [ ] No

## Site Information

WO# 7152262

| | Tank# 1 | Tank# 2 | Tank# 3 | Tank# 4 | Tank# 5 | Tank# 6 | Tank# 7 | Tank# 8 |
|---|---|---|---|---|---|---|---|---|
| Product | REG UNLEAD | REG UNLEAD | SUPER | DIESEL | HEAT OIL | | | |
| Tank Size | 9816 | 9816 | 9816 | 9816 | 550 | | | |
| Tank Diameter | 92 | 92 | 92 | 92 | 48 | | | |
| Tank Material | FIBERGLASS | FIBERGLASS | FIBERGLASS | FIBERGLASS | FIBERGLASS | | | |
| Manifolded (Tk #) | Y | Y | N | N | N | | | |
| Overfill (Type) | Y | Y | Y | Y | N | | | |
| Overspill (Type) | Y | Y | Y | Y | N | | | |
| Line Material | NONE | SW FIBERG | SW FIBERG | SW FIBERG | COPPER | | | |
| Line Secondary Containment | N | N | N | N | N | | | |
| Mechanical Leak Detection | | | | | | | | |
| Stage I (Type) | DUAL | DUAL | DUAL | NONE | NONE | | | |
| Stage II (Type) | BALANCE | BALANCE | BALANCE | NONE | NONE | | | |
| ATG | Y | Y | Y | Y | N | | | |
| CP | N | N | N | N | N | | | |

## Site Diagram




## Tanknology
8900 SHOAL CREEK, BUILDING 200
AUSTIN, TEXAS 78757
(512) 451-6334
FAX (512) 459-1459

TEST DATE: 07/07/03          WORK ORDER NUMBER: 7152262
CLIENT: CUMBERLAND FARMS      SITE: GULF #118667

## COMMENTS

## PARTS REPLACED

| QUANTITY | DESCRIPTION |
|---|---|
| 3 | '4" GASKET FOR 634TT CAP |
| 3 | 'GASKET FOR 1611AV & 633T |
| 2 | 'GASKET REPLACEMENT KIT FOR 4" DROP TUBES |

## HELIUM PINPOINT TEST RESULTS (IF APPLICABLE)

ITEMS TESTED

HELIUM PINPOINT LEAK TEST RESULTS

Printed 07/10/2003 09:34 KOHLMEYER

# SITE DIAGRAM


**Tanknology**

8900 SHOAL CREEK, BUILDING 200
AUSTIN, TEXAS 78757
(512) 451-6334
FAX (512) 459-1459

TEST DATE: 07/07/03

CLIENT: **CUMBERLAND FARMS**

WORK ORDER NUMBER 7152262

SITE: **GULF #118667**



Printed 07/10/2003 09:34 KOHLMEYER

**Exhibit 4**

**August 26, 2003 Letter from Gulf.**

**Gulf**

777 DEDHAM STREET
CANTON, MASSACHUSETTS 02021

781-828-2525
www.cumberlandfarms.com/gulf

August 26, 2003

Mr. Ghattas Ajjouri
C/o Norwood Gulf
707 Neponset Street
Norwood, MA 02062

Re: **SECOND NOTICE - FAILURE TO REPORT/CORRECT DEFECTS IN STAGE II VAPOR RECOVERY EQUIPMENT**
Facility # **118667**       Account # **8005892**

Dear Mr. Ajjouri:

The Gulf Division of Cumberland Farms, Inc. ("Gulf") notified you by correspondence dated July 2, 2003 (copy attached) of your failure to immediately report and/or correct defects in the Stage II vapor recovery equipment.

A subsequent visit by your Retail Marketing Representative, Jay Florio, on August 22, 2003 revealed that you have yet to properly report or correct the previously cited defects. Your continued failure to properly report and/or correct these defects is a direct violation of your franchise agreements (paragraph 4f and 4n of your Retail Motor Fuel Outlet Lease and section IV of the Environmental Reference Guide). Mr. Florio discovered the following defects with the Stage II equipment.

1) Hoses were taped with electrical tape to cover severe rips.

Gulf considers these provisions of your franchise to be critical components of our collective efforts to keep the environment clean. Continued failure to immediately report/correct defects in the Stage II vapor recovery equipment will constitute a failure to comply with a reasonable and material provision of the franchise and subject your franchise to termination or nonrenewal pursuant to the Petroleum Marketing Practices Act, as amended, 15 U.S.C., Secs. 2802 (b) (2) (A), (b) (2) (B) and (b) (2) (C) as further detailed under (c) (11).

Your Retail Marketing Representative will visit your site again within the next five (5) days. If you have continued to fail to properly correct or report these defects, Gulf may without further warning immediately send you a Notice of Franchise Termination or Nonrenewal.

Attached to this Notice is a true and correct copy of the official Revised Summary to Title I of the Petroleum Marketing Practices Act, as published in the Federal Register, Vol. 61 No. 123.



THE GULF DIVISION OF
CUMBERLAND FARMS, INC.

# Gulf

777 DEDHAM STREET
CANTON, MASSACHUSETTS 02021

781-828-2525
www.cumberlandfarms.com/gulf

Mr. Ajjouri
August 26, 2003
Page 2

I certify that this is being sent by Certified Mail, Return Receipt Requested, Mail # 7002 2030 0007 9815 6516, and Regular Mail.

If you have any questions, please contact your Retail Marketing Representative, Jay Florio.

Very truly yours,

*Thomas S. Bialek*

Thomas S. Bialek
General Manager, Northeast Region
The Gulf Division of Cumberland Farms, Inc.

attachments

cc:  T.J. Brooks *(without attachments)*
     G.P. Haseotes *(without attachments)*
     M.G. Howard, Esq. - - Corporate General Counsel *(without attachments)*
     J.J. Florio *(via facsimile, without attachments)*
     E.C. Tayeh, P.E. *(without attachments)*



THE GULF DIVISION OF
CUMBERLAND FARMS, INC.

Exhibit 5

September 5, 2003 Letter from Gulf.

**Gulf**

777 DEDHAM STREET
CANTON, MASSACHUSETTS 02021

781-828-2525
www.cumberlandfarms.com/gulf

September 5, 2003

Mr. Ghattas Ajjouri
Norwood Gulf
707 Neponset Street
Norwood, MA 02062
Customer # 8005892

Re:   **NOTICE OF FRANCHISE TERMINATION** -
      FAILURE TO REPORT/CORRECT DEFECTS IN
      STAGE II VAPOR RECOVER EQUIPMENT
      Gulf facility no. 118667

Dear Mr. Ajjouri,

The Gulf Division of Cumberland Farms, Inc. has previously notified you by correspondence dated July 2, 2003 and August 26, 2003 of your failure to comply with the provisions of that certain Retail Motor Fuel Outlet Lease, which is dated and effective June 30, 2001`. You were also notified that your franchise was subject to being terminated for failure to maintain and produce daily statistical inventory reconciliation records, pursuant to 15 U.S.C. Secs. 2802 (b)(2)(A) and (b)(2)(B).

Although you were duly notified, you have continued to fail to provide us with the proper daily statistical inventory reconciliation data and have failed to exert good faith efforts to carry out the provisions of the franchise as stated in the Petroleum Marketing Practices Act (P.M.P.A.), as amended, 15 U.S.C. Secs. 2802 (b)(2)(A) and (b)(2)(B). Specifically, there has been:

(1) A failure to comply with a reasonable franchise provision which is of material significance to the franchise relationship - the portion of the Retail Motor Fuel Outlet Lease wherein you agreed to:

(a) "...Lessee recognizes that leaks or releases from storage tanks and dispensing equipment can create environmental, safety and health concerns, as well as impair the value of the leased premises, including real property. Accordingly Lessee in addition to the covenants and agreements to control the underground motor fuel inventory under subsection 4(e) of this lease, covenants and agrees to comely with any and all applicable Federal, State, an local laws, regulation, rules ordinances, orders and permits governing the preventions, detection, and notification of leaks and releases from storage tanks and dispensing systems. Lessee also agrees that Lessor has the right to enter the premises at any time during

THE GULF DIVISION OF
CUMBERLAND FARMS, INC.

**Gulf**

777 DEDHAM STREET
CANTON, MASSACHUSETTS 02021

781-828-2525
www.cumberlandfarms.com/gulf

Mr. Ajjouri
September 5, 2003
Page 2

ordinary business hours to assess whether Lessee is complying with said laws, regulation, rules, ordinances, orders and permits. In addition Lessee acknowledges the Lessor has provided Lessee a copy of the "Environmental Reference Guide". Lessee agrees that such document and any revision thereof provided by Lessor shall be part of this Lease.Leasee further agrees to comply with the procedures in such document and any revision thereof.(4f)

2) A failure to exert good faith efforts to carry out the provisions of the franchise.

Therefore, Gulf hereby notifies you, in accordance with the above stated provisions of the P.M.P.A., 15 U.S.C. Sec. 2801 *et seq.*, as amended, that your franchise relationship and all related Agreements with Gulf will terminate effective December 14, 2003.

Effective immediately your credit terms are being suspended. The credit status for all your future purchases has been changed to Wire Transfer before Delivery.

Please make arrangements to meet with your Retail Marketing Representative to conduct an orderly conclusion to our franchise relationship on December 14,2003 at 12:00 noon.

Gulf hereby offers to repurchase from you on or before the effective date of termination, at the prices in effect at your last product delivery, any and all merchantable products purchased from Gulf, subject, however, to the right of Gulf to apply the proceeds from said resale against any existing indebtedness owed by you to Gulf and subject further to there being no other claims or liens against such products by or on behalf of other creditors, if any.

Although you are hereby given 90 days' advance notice, you are advised that if you continue to fail to provide Gulf with the proper statistical inventory reconciliation data on a daily basis, Gulf will take immediate action to protect its rights and the rights of the public, including acceleration of the franchise termination date.

Attached is a true and correct copy of the official Revised Summary of Title I of the Petroleum Marketing Practices Act, as published in the <u>Federal Register</u>, Volume 61, No. 123.

THE GULF DIVISION OF
CUMBERLAND FARMS, INC

**Gulf**

777 DEDHAM STREET
CANTON, MASSACHUSETTS 02021

781-828-2525
www.cumberlandfarms.com/gulf

Mr. Ajjouri
August 26, 2003
Page 2

I certify that this is being sent by Certified Mail, Return Receipt Requested, Mail # 7002 2030 0007 9815 6516, and Regular Mail.

If you have any questions, please contact your Retail Marketing Representative, Jay Florio.

Very truly yours,

Thomas S. Bialek
General Manager, Northeast Region
The Gulf Division of Cumberland Farms, Inc.

attachments

cc:    T.J. Brooks *(without attachments)*
       G.P. Haseotes *(without attachments)*
       M.G. Howard, Esq. - - Corporate General Counsel *(without attachments)*
       J.J. Florio *(via facsimile, without attachments)*
       E.C. Tayeh, P.E. *(without attachments)*



THE GULF DIVISION OF
CUMBERLAND FARMS, INC.

Exhibit 6

September 23, 2003 letter

From Pelletier and Mirza, LLP.

# PELLETIER & MIRZA, LLP
Attorneys at Law
**293 South Main Street**
**Providence, Rhode Island 02903**

R. Andrew Pelletier, ESQ*
Thomas L. Mirza, ESQ

September 23, 2003

Thomas S. Bialek, General Manager
Gulf – Northeast Region
777 Dedham Street
Canton, MA 02021

RE:   Ghattas Ajjouri, Norwood Gulf Station, 707 Neponset Street, Norwood, MA
      Account #:   8005892      Facility #:   118667

Dear Mr. Bialek:

    This letter is written in response to your letter dated September 5, 2003. It is our position that whatever the issue was concerning the Stage II equipment, specifically, a defect in the hose(s), such problem does not warrant your unilateral termination of his lease agreement. Nevertheless, Mr. Ajjouri has had the problem corrected by having new hoses installed. The new hoses have been made available for your agent's inspection since September 5, 2003.

    Gulf's notices to Mr. Ajjouri reference a correspondence dated July 2, 2003 concerning a failure to report a Stage II vapor problem. In July, your agent, Tanknology, performed Stage II vapor testing and Mr. Ajjouri's equipment passed as evidenced by Tanknology's report dated July 10, 2003. Since then, Gulf has had inspectors perform an unusually high number of inspections which have failed to produce any substantive defects.

    Mr. Ajjouri is a family man and has been an excellent leasee of Gulf for ten years without incident. Gulf is without basis or cause to terminate his lease agreement. I trust Gulf will cease immediately any further efforts to terminate Mr. Ajjouri's lease agreement. Kindly provide me with your written response to that effect as soon as possible.

    Please know that any further attempts to terminate the lease agreement wrongfully will result in litigation including prayers for injunctive relief and punitive damages pursuant to Massachusetts General Laws, Chapter 93A.

Very truly yours,

*Client Copy*

R. Andrew Pelletier, Esq

Cc:   Ghattas Ajjouri

Licensed in Rhode Island, Massachusetts, and Washington States
(phone) 401/861-1743; (fax) 401/861-1746; apelletier@pmlawprov.com

Exhibit 7

November 5, 2003 Letter

From Stephen M. Roberts, LLC.

# LAW OFFICE OF
# STEPHEN M. ROBERTS, LLC

COUNSELLOR AT LAW
177 WORCESTER STREET
WELLESLEY HILLS, MASSACHUSETTS 02481

TELEPHONE (781) 235-0700

TELEFAX (781) 235-4024

By Certified Mail - RRT
And Regular Mail

November 5, 2003

Thomas S. Bialek, General Manager
Gulf-Northeast Region
777 Dedham Street
Canton, MA 020221

Re: On going dispute between Gulf and Ghattas and Joseph, Inc.
    Gulf Facility # 118667, located at 707 Neponset Street, Norwood, MA.

Dear Mr. Bialek:

I am new counsel, for Mr. Ghattas Ajjouri, president of Ghattas and Joseph, Inc. I have read the file my client gave me, including your correspondence. If I understand the nature of your claim against my client it is as follows:
1. That Ghattas and Joseph, Inc ( Ghattas) has violated your franchise agreements including but not limited to the "Retail Motor Fuel Outlet Lease", and the " Dealer Contract of Sale"
2. Specifically you allege that Ghattas has violated the applicable federal laws concerning Stage II vapor recovery.
3. That these alleged violations are so egregious that Gulf must terminate their franchise agreements with Ghattas.
4. That Gulf will take back their service station on December 14, 2003.
    Our position is vastly different, we believe as follows:
A. That Ghattas has not violated your franchise agreements.
B. Your agents, specifically, Mr. J.J. Florio has been harassing Mr. Ajjouri, by attempting to find small tears on the gasoline pumps, and manipulating the pumps so that they crack and break and must be replaced.
B. Not with standing the aforementioned, any time a representative of Gulf has asked Mr. Ajjouri to replace a gasoline hose, he has done so immediately. I have enclosed paid bills for your review.
C. That the Massachusetts Department of Environmental Protection (DEP) has no open file on this property.
D. That Mr. Ajjouri has fulfilled all material covenants of the franchise agreements.

LAW OFFICE OF STEPHEN M. ROBERTS

    The conclusion that a reasonable man must draw from your actions and allegations is that you have an alternative reason for terminating the franchise agreements with Ghattas. Mr. Ajjouri believes your main reason for taking over his business, must be pecuniary in nature. Gulf is seeking an unfair business advantage by seeking to breach its franchise agreements with Mr. Ajjouri and capture his profits. Gulf is hoping that by harassing Mr. Ajjouri over petty and immaterial matters that Mr. Ajjouri will not fight back to protect his business. Gulf is seeking to use its financial strength against Mr. Ajjouri.

    Please be advised that Mr. Ajjouri intends to fight to protect his business. Let me suggest two alternative courses of action; in the first we meet to resolve our differences. This meeting should take place at a neutral site in the next two weeks, or second I will file a Civil Complaint for Declaratory Relief against Gulf and we can resolve this matter in court.

    I hope you will choose the first course of action. I should add however, my past experiences with Gulf have not been positive, I have litigated a similar matter against Gulf. If you wish the name of the case I would be happy to supply it, ( I must first check with my past client).

Yours very truly,

Stephen M. Roberts, attorney
For Ghattas Ajjouri

SMR/dd
W/encl.

**Gulf**
777 Dedham Street
Canton, MA 02021

October 8, 2003

Pelletier & Mirza, LLP
Attorneys at Law
293 South Main Street
Providence, Rhode Island, 02903

Re:   Ghattas and Joseph, Inc.
      Gulf Facility# 118667 - 707 Neponset Street, Norwood, MA

Dear Mr. Pelletier:

I am in receipt of your correspondence dated September 23, 2003 and offer the following response.

The Gulf Branded Products Division of Cumberland Farms, Inc. ("Gulf") stands by its Notice of Franchise Termination dated September 5, 2003. Mr. Ajjouri was repeatedly instructed by Gulf's Retail Marketer, Jay Florio, to replace the hoses that were torn which constitutes a violation of applicable Federal and State Stage II vapor recovery laws and his franchise agreements, but he apparently chose to ignore Mr. Florio's direction. In fact, Mr. Ajjouri continues to operate in violation of his franchise provisions and the applicable environmental regulations. On Thursday, September 25, 2003, Mr. Florio found a tear in the bellows on the plus nozzle on pump #1 at the Neponset Street Gulf location operated by Mr. Ajjouri. Gulf believes that its Notice of Termination was just and, accordingly, expects Mr. Ajjouri to vacate the premises on December 14, 2003. If you have any questions, please call me at 1-800-441-2768.

Sincerely,

The Gulf Branded Division of
Cumberland Farms, Inc.

Thomas S. Bialek
General Manager
Northeast Region


cc:   T.J. Brooks
      J. Florio
      G.P. Haseotes
      M.G. Howard, Esq. -- Corporate General Counsel

Exhibit 8

Boston Business Journal Article.

September 12-18, 2003

boston.bizjournals.com   Boston Business Journal   19

# After FTC probe, Cumberland buys Exxon stations

**BY MARK MICHELI**
JOURNAL STAFF

CANTON — Cumberland Farms Inc. took possession of some 200 Exxon-branded gas stations in Massachusetts, New Hampshire and New York this past week.

The Canton-based company had originally planned to close the deal to buy the stations on Aug. 1, but an investigation by the Federal Trade Commission slowed the sales process down, according to Cumberland Farms spokesman Foster Macrides.

At the end of July, the FTC closed its investigation into whether the sale would create unfair trade practices. It determined that there was "no reason to do anything at this time," said FTC official Phillip Broyles.

Macrides said the company was expected to take possession of the stations as of Wednesday, Sept. 10.

Cumberland Farms had announced in June that it had a deal for an undisclosed amount to purchase the stations — which include 57 in Massachusetts — from Conoco Phillips Co., a Houston oil company that is reportedly selling the stations to cut its debt.

Cumberland Farms already owns about 200 Gulf-branded stations in the Northeast. It said the 200 it is buying would retain the Exxon brand.

It's now doubtful that the New York State Association of Service Stations and Repair Shops will challenge the sale in court, according to executive director Ralph Bombardiere. He added that it's still considering filing suit, however, and is waiting to get "its marching orders from its members."

Bombardiere claims the association's members who already operate Cumberland Farms-owned Gulf stations are not happy because the company makes it difficult to turn a profit. However, Macrides, a spokesman for Cumberland Farms, said the company is unaware of any opposition to the sale and that its relationships with its Gulf dealers have been good.

### COMPANY AT A GLANCE

**Cumberland Farms Inc.**

| | |
|---|---|
| Headquarters | Canton |
| President and CEO | Lily Haseotes Bentas |
| 2002 sales | $1.7B |
| Number of outlets | 900 |
| Employees | 7,000 |
| Year founded | 1938 |
| Service | Convenience-store chain |

The deal also calls for Cumberland Farms' partner, Gulf Oil LP in Chelsea, of which Cumberland owns a majority interest, to service and supply the remaining 400-plus Exxon stations in New England that are independently owned, according to Macrides. He explained that the company is buying the real estate at the 200 locations and just the supply contracts for the other stations.

Cumberland Farms is considered one of the country's largest convenience-store chains, with about $1.7 billion in sales last year and more than 7,000 employees in more than 900 outlets throughout New England, the mid-Atlantic states and Florida. Its president and CEO is Lily H. Bentas, whose parents, Vasilios and Aphrodite Haseotes, founded the company in Cumberland, R.I., in 1938.



---

## Double-digit hikes likely for health premiums

**BY KENT HOOVER**
ACBJ WIRE SERVICE

Health insurance premiums jumped