UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. _____

GHATTAS AND JOSEPH, INC.,
   - Plaintiff,

v.

CUMBERLAND FARMS, INC.,
By and through Its
GULF DIVISION,
   - Defendant,

03 CV 12431 JLT

### MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, GHATTAS AND JOSEPH, INC. (hereinafter "Plaintiff") moves this Court to enter a Temporary Restraining Order and Preliminary Injunction against Defendant, CUMBERLAND FARMS, INC., by and through its Gulf Division (hereinafter "Gulf"). In support of this Motion, Plaintiff states and submits as follows:

1. Plaintiff has filed a Complaint seeking declaratory judgment, damages and injunctive relief against Gulf for violation of the Petroleum Marketing Practices Act, Title 15 U.S.C. §2801 et. seq. (the "PMPA").

2. The PMPA, 15 U.S.C. §2805(b)(2), directs the court to grant injunctive relief as follows:

   "[I]n any action under subsection (a), the court *shall* grant a preliminary injunction if-
   (A). the franchisee shows-

1

        (i) the franchise of which he is a party has been terminated or the franchise relationship of which he is a party has not been renewed, and

        (ii) there exists sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and

    (B) the court determines that, on balance the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardships which would be imposed upon the franchisee if such preliminary injunctive relief were not granted.

(Emphasis Added).

3. Based upon the Complaint, Affidavit of Ghattas Ajjouri and Memorandum of Law filed in support of this Motion, Plaintiff submits (a) that it is a franchisee; (b) that the franchise relationship is being terminated; (c) that the franchisor Gulf has failed, refused or neglected to (i) properly notify the Plaintiff of any alleged breach, (ii) properly allow Plaintiff an opportunity to cure any such breach, (iii) properly acknowledge that any alleged breach were cured; (d) that the franchisor Gulf has improperly terminated the franchise relationship; (e) that there exists sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and (f) that the hardships of the Temporary Restraining Order and Preliminary

    Injunction on Gulf if granted will be significantly less than the hardship which would be imposed upon Plaintiff if the equitable relief were denied.

4. As further explained in the accompanying Memorandum of Law, the traditional requirements for the granting of a Temporary Restraining Order and a Preliminary Injunction are not applicable in an action under the PMPA. Under the PMPA, it is not necessary for the franchisee to make a showing ordinarily required for an injunction. Rather, the standard is much more lenient and is aimed at protecting the franchisee. *Doebereiner v. Sohio Oil Company*, 880 F.2d 369 (11th Cir. 1989).

5. The accompanying Affidavit of Ghattas Ajjouri and Memorandum of Law in Support of this Motion show that Gulf has violated the PMPA and that injunctive relief is necessary during the pendency of this action.

6. Moreover, the granting of a Temporary Restraining Order and a Preliminary Injunction against Gulf will serve the public interest by permitting Plaintiff to continue its ongoing business operations during the time that the determination is made of the parties'

rights, status and legal obligations. Gulf will suffer no harm in the meantime.

7. Plaintiff has attempted to resolve the disputed issues with Gulf without litigation but has been unable to obtain a resolution. Time is of the essence in this matter.

8. Plaintiff further relies upon the attached Memorandum in Support of Motion for Restraining Order and Preliminary Injunction and Affidavit of Ghattas Ajjouri filed herewith.

WHEREFORE, Plaintiff prays that this Honorable Court enter a Temporary Restraining Order and Preliminary Injunction (i) prohibiting Defendant Gulf from terminating the franchise relationship on or about December 14, 2003 pending this Court's determination of the issues at hand; and (ii) allowing Plaintiff to remain in business and conduct business at the location; (iii) ordering Defendant to reinstate Plaintiff's credit; (iv) prohibiting Gulf from interfering with the Plaintiff's business operation at the Franchise location; and (v) such other relief as this Court may deem meet, proper and just.

Respectfully Submitted,

Dated: December ___, 2003

GHATTAS AND JOSEPH, INC.,
By Its Attorney

_____
Stephen M. Roberts, Esq.
BBO#422540
Stephen M. Roberts, LLC
177 Worcester Street
Wellesley, MA 02481
(617) 235-9700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion for Restraining Order and Preliminary Injunction will be served upon Defendant, Cumberland Farms, Inc., by and through its Gulf Division, by serving Defendant (1) at its usual place of business, 777 Dedham Street, Canton, MA 02021 at the same time as the Complaint is served upon it and (2) at its Resident Agent, CT Corporation System, 101 Federal Street, Boston, MA 02110.

Date: 12/2/03

_____
Stephen M. Roberts, Esq.