UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. _____

GHATTAS AND JOSEPH, INC., )
    - Plaintiff, )
)
v. )
)
CUMBERLAND FARMS, INC., )
By and through Its )
GULF DIVISION, )
    - Defendant, )

## AFFIDAVIT OF GHATTAS AJJOURI

The undersigned, Ghattas Ajjouri, on oath, deposes and states as follows:

1. I, Ghattas Ajjouri, make this affidavit based upon personal knowledge.

2. The abbreviations and definitions used in the Complaint will be used here for consistency in reference to parties, statutes and documents.

3. I am an officer, director and shareholder of Plaintiff, Ghattas and Joseph, Inc.

4. Ghattas and Joseph, Inc. is a gasoline franchisee under franchise agreements with Cumberland Farms, Inc, by and through its Gulf Division. The service station is located at 707 Neponset Street, Norwood, MA 02062 (hereinafter "Premises").

1

5. I have read the allegations of the Complaint, motion and Memorandum which is being submitted on my behalf in this proceeding and state that based on my personal knowledge all allegations stated therein are true and correct. I adopt and incorporate by reference all allegations made in the complaint, motion and memorandum, as though the same were incorporated herein.

6. Pursuant to the PMPA, Plaintiff is a franchisee and Gulf is the franchisor pursuant to a dealer agreement, station lease and related agreements. The franchisee occupies the gasoline station and the premises and is employed in connection with the sale of motor fuel and petroleum products under the Gulf trademark.

7. The current term of the Plaintiff's lease with Gulf will end on June 29, 2004.

8. On or about July 2, 2003, Gulf sent a letter to Plaintiff stating that Gulf's marketing representative, Jason Florio ("Florio"), had visited the Premises and discovered defects in Stage II Vapor Recovery Equipment. Specifically, Florio alleged that (1) "Stage II Vapor recovery checklist not filled out correctly everyday is marked okay"

2

and (2) "Nozzles on pumps need to be replaced. Tankology findings on 6/24/03".

9. I am familiar with Florio. His inspections have been numerous and unnecessary. I have asked Florio to refrain from damaging the equipment during his "inspections". I view his actions as intimidating and harassing.

10. Pursuant to same, I had remedial work and testing performed by Tanknology.

11. I was informed that the stations equipment was in compliance and passed the testing.

12. On or about August 22, 2003, *nearly two months later*, Florio again entered the Premises for a purported inspection.

13. By letter dated August 26, 2003, I was notified of further noncompliance. Specifically, "Hoses were taped with electrical tape to cover severe rips."

14. Thereafter, on or about September 5, 2003, Gulf purportedly sent notice of Franchise Termination to the Plaintiff.

15. On September 23, 2003, Gulf was notified that the station had already undertaken steps to cure any alleged defects.

16. At all relevant times, I (1) was not in violation of any material provisions of my franchise agreements; (2) was in compliance with applicable federal and state environmental laws; and (3) believed Gulf's action actions were improper and motivated by pecuniary interests.

17. Specifically, I am of the opinion that Gulf is taking actions, in violation of PMPA, to reacquire franchises and sell same to reduce corporate debt. I base this opinion on Florio's actions as well as newspaper article in the September 12-28, 2003 Boston Business Journal.

18. By letter dated November 13, 2003, Gulf reiterated its position that the franchise relationship was being terminated on December 14, 2003.

19. Despite repeated request, Gulf has refused to withdraw or revoke its notice of Franchise termination.

20. Further, I, along with other officers, directors and shareholders of the Plaintiff, may be liable for potential damages as they were required to execute individual guaranties.

21. I believe that Gulf has violated the PMPA along with other improper actions, such as breach of contract.

22. I believe that a temporary restraining order and injunction is necessary and vital to protect my franchise and my property interests.

23. I have worked very hard and very diligently to build up the business and increase its value and create goodwill.

24. I request that the Court enter a temporary and preliminary injunction to prevent Gulf from terminating the franchise and destroying the business.

25. By virtue of the controversy existing between Gulf and the Plaintiff, I believe there exist serious questions going to the merits to make such questions a fair ground for litigation. In addition, if the injunction is not entered, I will suffer great hardship by virtue of the fact that I would lose the station, the franchise location, the investment of labor and capital, and the goodwill of an ongoing business concern. All of these injuries are irreparable. In contrast, I do not believe that there will be any undue hardship on Gulf during the pendency of this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

Date: 12.02.03                    _____
                                  Ghattas Ajjouri

Subscribed and Sworn To, Before Me,

_____
Name: THOMAS J. CHIROKAS
Notary Public,
My commission expires: JUNE 18, 2005


Respectfully Submitted,

Dated: December 2, 2003    GHATTAS AND JOSEPH, INC.,
                           By Its Attorney

                           _____
                           Stephen M. Roberts, Esq.
                           BBO# 422540
                           Stephen M. Roberts, LLC
                           177 Worcester Street
                           Wellesley, MA 02481
                           (781) 235-9700

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this Affidavit of Ghattas Ajjouri will be served upon Defendant, Cumberland Farms, Inc., by and through its Gulf Division, by serving Defendant (1) at its usual place of business, 777 Dedham Street, Canton, MA 02021 at the same time as the Complaint is served upon it and (2) at its Resident Agent, CT Corporation System, 101 Federal Street, Boston, MA 02110.

Date: 12/2/03             _____
                          Stephen M. Roberts, Esq.