*[handwritten: Filed in Open Court 12-11-03 zab]*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GHATTAS AND JOSEPH, INC.<br>    Plaintiff<br><br>VS.<br><br>CUMBERLAND FARMS, INC.,<br>By and Through its<br>GULF DIVISION<br>    Defendant | )<br>)<br>)<br>)   03-12431 JLT<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION OF DEFENDANT TO EXTEND TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND TO CONTINUE HEARING

Now comes the defendant and requests this Honorable Court to Extend Time to File Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and to Continue Hearing. As grounds therefore, the defendant relies upon the Affidavit of Cathryn Spaulding, Esq., attached hereto as Exhibit A. In addition, the defendant states that is has agreed to extend the termination of the Lease for one week until December 21, 2003. There would be no prejudice to the plaintiff if the court were to allow this request for a short continuance. There would be significant prejudice to the defendant insofar as it has defenses to the plaintiff's motion and would not be able to properly defend the matter on the merits.

Wherefore, the defendant respectfully requests that the Court allow its Motion to Extend Time to File Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and to Continue Hearing.

*[signatures]*
*12/11/03*

Respectfully Submitted,
Defendant,
By their attorneys,

_____
Cathryn Spaulding, BBO # 565047
ZIZIK, LASALLE & POWERS, P.C.
One Hollis Street, Suite 400
Wellesley, MA 02482
(781) 263-0229

## CERTIFICATE OF SERVICE

I, Cathryn Spaulding, hereby certify that on this 10th day of December, 2003, I served a copy of the foregoing on all parties to this action by facsimile to all counsel of record.

_____
Cathryn Spaulding

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GHATTAS AND JOSEPH, INC.   )
    Plaintiff   )
   )
VS.   )   03-12431 JLT
   )
CUMBERLAND FARMS, INC.,   )
By and Through its   )
GULF DIVISION   )
    Defendant   )

### AFFIDAVIT OF CATHRYN SPAULDING, ESQ.

I, Cathryn Spaulding, under oath do depose and state as follows:

1. My firm was first retained by the defendant on December 5, 2003 to represent it in the subject litigation.

2. On December 8, 2003, I contacted counsel for the plaintiff, Stephen Roberts, Esq., in an effort to resolve the case and obviate the need for the hearing on the Motion for Temporary Restraining Order and Preliminary Injunction which was scheduled for December 11, 2003. I indicated to him that my client was interested in resolving this matter, but that it was imperative that the plaintiff be in compliance with the Lease and all applicable environmental regulations.

3. During my conversation with Attorney Roberts, he informed me that both parties would have to pledge to honor the Lease. In addition, Gulf would need to rescind the termination.

4. I explained to Attorney Roberts that the defendant would have no problem honoring the Lease and that I would prepare a Settlement Agreement and Release for his review. He indicated to me that he was out of the office all day Tuesday, but that we could meet on Wednesday to review the proposed Agreement.

5. I drafted the Agreement and faxed it to him on Wednesday morning, December 10, 2003. A true copy of this Agreement is attached hereto as Exhibit 1.

6. On December 10, 2003, I called Attorney Roberts at 11:30 AM to discuss the Agreement. He indicated to me that he had not had the opportunity to review it and would call me later. I contacted him again at 3:00 PM after receiving no return phone call. At approximately 4:00 PM, I received a phone call from

Attorney Roberts indicating that he was not satisfied with the Agreement. He further stated that he was not willing to have his client sign any Release. I explained to him that I had drafted the Agreement based on the terms and requirements of the Lease that his client had signed.

7. Based on the fact that we had reached a tentative settlement, I did not continue to prepare an opposition to plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. I requested that Attorney Roberts continue the hearing for one week and that in exchange, Gulf would agree to extend the termination for one week until December 21, 2003. Attorney Roberts indicated that he would not continue this hearing.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF DECEMBER, 2003.

_____
Cathryn Spaulding

# **SETTLEMENT AGREEMENT AND GENERAL RELEASE**

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (this "Agreement") is made and entered into, on the last date set forth opposite each party's signature below, by and between Cumberland Farms, Inc., by and through its Gulf Division ("Gulf"), and Ghattas and Joseph, Inc. (hereafter referred to as "Ghattas").

## **RECITALS**

WHEREAS, Gulf entered into a Retail Motor Fuel Outlet Lease and Dealer Contract of Sale ("Lease") with Ghattas on or about June 30, 2001;

WHEREAS, Ghattas and Joseph, Inc. are the operators of a certain Gulf branded service station located at 707 Neponset Street, Norwood, MA ("the subject station");

WHEREAS, Ghattas has filed a Complaint for Declaratory Judgment ("Complaint") in the U.S. District Court, District of Massachusetts, <u>Ghattas and Joseph, Inc. v. Cumberland Farms, Inc. By and through its Gulf Division</u>, Civil Action 03-12431 JLT, alleging that Gulf, *inter alia*, has allegedly violated the PMPA and allegedly breached the Lease;

WHEREAS, Gulf denies the allegations contained in the Complaint, denies that it has violated the PMPA or that it breached the Lease;

WHEREAS, Ghattas and Gulf have agreed to settle their differences in accordance with the terms of this Agreement in order to avoid further expense, inconvenience and uncertainty of litigation, and to finally and forever settle and resolve all outstanding claims and differences between them by way of compromise, without any admission of liability by Gulf;

NOW, THEREFORE, in consideration of the foregoing, the mutual covenants, agreements and promises set forth below, and for other good and valuable consideration, the sufficiency of which is acknowledged, Gulf and Ghattas agree as follows:

1. Ghattas agrees to comply with all of the terms, requirements and provisions of the Lease and the Environmental Reference Guide ("Guide") as well as any and all federal, state and local laws, rules and regulations.

2. Ghattas specifically agrees, pursuant to the Lease and Guide, that Ghattas and its employees will comply with all applicable federal, state, and local laws governing the prevention, detection, and notification of leaks and releases from storage tanks and dispensing systems.

3. Ghattas and its employees agree to inspect the Stage II vapor recovery equipment, including the hoses, on a <u>daily</u> basis, maintain a <u>daily log</u> of the inspections and complete the Stage II Vapor Recovery Checklist.

    a. If Ghattas fails to comply with any provisions of the Lease, the Guide or paragraphs 1 or 2 above, then Ghattas agrees to voluntarily vacate the premises upon 90 days' written notice from Gulf. Ghattas further agrees to voluntarily vacate the premises upon 30 days' written notice from Gulf if he fails to comply with the Stage II Vapor Recovery requirements as set forth in the Lease, the Guide or paragraph 3 above.

4. Ghattas and its employees agree to immediately report any significant defects with the Stage II equipment to Gulf and immediately make any necessary repairs to hoses, bellows and nozzles as required pursuant to the Lease and Guide.

5. Ghattas agrees to take any and all corrective action to ensure that the Stage II equipment is in compliance with any and all applicable federal, state and local laws, rules, regulations, ordinances, orders and permits.

6. Ghattas agrees to provide Gulf or its employees or agents full and unimpeded access to the subject location for inspections including, but not limited to the Stage II equipment, as required pursuant to the Lease and the Guide.

6. Gulf agrees to continue to honor the Lease with Ghattas and rescind the pending termination.

7. In consideration of and in exchange for other good and valuable consideration, as set forth above, Ghattas and its successors hereby release, acquit and forever discharge Gulf and its subsidiaries, affiliates, agents, employees, representatives, predecessors, successors, officers, directors, insurers, consultants and attorneys, and all related entities or persons and assigns, from any and all past and present causes of action, claims, judgments, damages, losses, liabilities and demands of any kind and character, in law or equity, contract or tort, direct or indirect, known or unknown, insofar as any of the same relate to the Complaint as identified above.

8. There are no other promises, representations, terms, conditions or obligations, relating to the subject matter of this Agreement, other than those expressly stated in this Agreement. There are no oral understandings, statements, promises or inducements contrary to the terms of this Agreement.

9. Neither the statements contained in this Agreement nor the fact of the settlement shall constitute an acknowledgment or admission of liability or fault by Gulf. The parties agree that Gulf has contested liability and fault and that this Agreement is entered into by the parties for the purpose of resolving disputed claims. The

parties agree that no statement contained herein shall be construed at any time or under any circumstance as an admission of liability or fault to any extent whatsoever.

10. Each person executing this Agreement on behalf of a party represents and warrants that he or she is fully empowered and duly authorized to execute this agreement on behalf of that party.

11. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, Cumberland Farms, Inc., by and through its Gulf Division ("Gulf"), and Ghattas and Joseph, Inc. have executed this Agreement by their duly authorized representatives.

_____

Duly authorized representative of Ghattas and Joseph, Inc.,

## ACKNOWLEDGEMENT

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF _____

Then appeared before me the above-named, _____, to me personally known, who, being duly sworn, acknowledged the execution of the foregoing General Release to be their free act and deed, before me.

_____
Notary Public
My commission expires:

- 4 -

- 5 -

Date: _____

_____

Duly authorized representative of Cumberland Farms, Inc.,
By and through its Gulf Division

### **ACKNOWLEDGEMENT**

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

    Then appeared before me the above-named, _____ , to me personally known, who, being duly sworn, acknowledged the execution of the foregoing General Release to be their free act and deed, before me.

                                                _____
                                                Notary Public
                                                My commission expires: